OSGOOD N. RUSSELL, RESPONDENT, *v.* THE CONSOLIDATED FRUIT JAR COMPANY, APPELLANT.

*Contract for commissions on sales — construction of.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to recover commissions for selling fruit jar trimmings and other metal goods, as agent for the defendant, under a special contract.

There were two contracts between the parties. The first was dated 22d December, 1871, and, by its terms, was for "the ensuing year." The second bore date 9th January, 1873, and continued to 1st November, 1873. The rate of commissions under the first contract was fixed at two and one-half per cent on the amount of sales and collections, and under the second contract it was one and one-half per cent. The principal question in the case is whether the referee erred in allowing the plaintiff commissions at two and one-half per cent, instead of one and one-half, on certain sales and collections, amounting in the aggregate to the sum of $28,638.15. The question depends upon the construction of a clause in the first contract, which is in the following words: "You are also to receive" (in addition to forty dollars a week previously provided for) "two and one-half per cent commission on your sales of jar trimmings, which commission is to be on sales made by us to such parties during the season of 1872." The referee found that the plaintiff procured the orders or contracts which led to the sales in question, during the year 1872, but they were not reported by him to the defendant until after the expiration of that year. They were reported, however, before the making of the second contract, on 9th January, 1873, but the defendant did not accept or act upon them, or deliver goods upon them, till after that date. The contract provided that sales

were not to be binding upon the company till they were accepted, and no commissions were to be paid upon any sale until the amount of it was collected. The company received pay on the sales in question.

The court, at General Term, said: " The counsel for the appellant contends that the contract, by express terms, confines the commissions to sales made by the defendant, upon orders procured by the plaintiff during the year 1872. That, it is claimed, is the obvious meaning of the words, ' which commission is to be on sales made by us to such parties during the season of 1872.' In other words, the claim is that the commissions were not earned till the sales had become binding, by the defendant's acceptance of the plaintiff's orders. We think, however, the words last above quoted were intended not to limit the commissions, but to extend them so as to include not only the orders of parties obtained by the plaintiff in 1872, which were subsequently accepted, filled and collected, but also additional sales made to ' such parties,' by the defendant, during that year. The plaintiff, having procured the customer, was to be entitled to commissions not only on his first order, but also on all subsequent sales made to such customer, by the defendant, during the year. Upon that construction, the conclusion of the referee is correct."

*F. A. Macomber,* for the appellant. *F. L. Durand,* for the respondent.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed.